## J. S. BARRETT AND F. R. DRAY *v.* MARTIN AMEREIN.

TITLE BY PURCHASE AT TAX SALE.—If a person is in possession of land, claiming the same as his own, it is his duty to pay the taxes, although he has no paper title, and is a trespasser; and under such circumstances, he cannot acquire an outstanding title by neglecting to pay the taxes and allowing the land to be sold for the same, and purchasing at the sale. The rule is the same if the possession is such that it would give the possessor title by the Statute of Limitations.

APPEAL from the District Court, Sixth Judicial District, City and County of Sacramento.

This was an action to recover possession of the block bounded by J and K and Twenty-third and Twenty-fourth streets, City of Sacramento.

On the trial the plaintiff asked the Court to give the jury the following instructions, which the Court refused:

"First—If the jury believe from the evidence that the defendant was in possession of the demanded premises, claiming it at the time of his purchase at the tax sale in

October, eighteen hundred and sixty-six, then the sale would not result in passing the title to defendant.

"Second—If the jury believe from the evidence that the defendant has occupied the premises ever since eighteen hundred and sixty-two, with the purpose of acquiring title to said premises, then the tax sale to him will not result in passing the title to defendant."

The Court then instructed the jury as follows:

"Gentlemen of the Jury: Under the proof in this case, there is but very little except matters of law arising in it; so, when I instruct you in reference to the law, you will have no difficulty in ascertaining what your verdict should be.

"The questions connected with the deeds and the force and effect of the judgments are matters of law. I instruct you that in the chain of title of plaintiff, down to the time the defendant purchased a tax title, there is no flaw. John A. Watson had, by conveyance, become the owner of the entire block sued for in this case; at that time he was the only person compelled to pay tax, or upon whom rested any legal or moral obligations to pay such taxes.

"The defendant was in possession at that time, as a trespasser against Watson. Watson had a legal title at any time during Amerein's occupancy of it down to the purchase of the tax title, and defendant could have been sued by Watson, and he could have recovered rents and profits of the entire land; and I submit to you that the defendant was not legally or morally bound to pay the taxes under these circumstances. Under the rule the Supreme Court has established, defendant might make purchase at a tax sale, and there would be no legal disability.

"I will also say that the force and effect of the tax deed are matters of law, and the proceedings seem to have been regular. The taxes were levied and were unpaid. The District Attorney brought suit, and regularly obtained judgment against the land, got an order of sale, and the Sheriff

sold it to the defendant in this suit. There is no flaw in that proceeding, and the sale passed the legal title of the land to the defendant in this suit."

Plaintiffs excepted to the charge.

The jury found a verdict for the defendant, and the plaintiffs appealed.

The other facts are stated in the opinion of the Court.

*Bowie & Catlin,* for Appellants.

The only question presented to the Court upon the record is the familiar one, so often decided, that a party in possession of land, claiming title, cannot acquire title to the same by purchasing at a delinquent tax sale. (*Kelsey* v. *Abbott,* 13 Cal. 609; *Moss* v. *Shear,* 25 Cal. 38; *McMinn* v. *Whelan,* 27 Cal. 318; *Coppinger* v. *Rice,* 33 Cal. 408; *Bernal* v. *Lynch, ante,* 135.)

The respondent claims that this case does not come within the rule, because it did not appear in evidence that defendant claimed under paper title. We find no such distinction recognized in any of the cases. The learned Judge of the District Court took the case out of the rule upon another ground: that the defendant, not having title, was a trespasser, and therefore, because the law deemed him a trespasser upon the rights of the legal owner, he was under no obligation to pay the taxes. It is said that exceptions prove the rule; at least, such is a received maxim in logic. But exceptions such as these would destroy the rule. Such exceptions would have taken all the cases decided by this Court, above quoted, out of the rule. The tax title claimants in those cases were trespassers against the owners of the superior title, and were liable for rents and profits.

*A. Compte, Jr.,* for Respondent.

Prior to his purchase defendant did not hold adversely so as to be protected by the Statute of Limitations. The proof

shows that he was not in a position to avail himself of its provisions. He could not have redeemed the property under a sale. He could not have maintained an action of forcible entry and unlawful detainer for the block of land, nor did he ever claim it under color of title. His was not an adverse possession. (*Borel* v. *Rollins*, 30 Cal. 417; *Preston* v. *Kehoe*, 15 Cal. 318; *House* v. *Keiser*, 8 Cal. 501.) The land was not so occupied by defendant that it could have been assessed to him as the "occupant." But even if the Court should find the facts to be as claimed by appellants, still the only question would be whether a person in the actual possession of a portion of a block of land, and in the constructive possession of the remaining portion, without color of title, but as a trespasser, could purchase at a sale for delinquent taxes. Here defendant was under no moral or legal obligation to pay the taxes. He was and is still liable to Watson in damages for use and occupation of the premises prior to the time of the sale by the Sheriff. The cases cited by counsel are cases where a legal and moral obligation rested upon the parties to pay the taxes, and in most of the cases they claimed a legal title by virtue of deeds. In *Bernal* v. *Lynch*, *ante*, 135, the Estate of Dehon claimed title to the property under the Van Ness Ordinance. The Court only reiterates the doctrine that a man cannot take advantage of his own wrong or default. In *Kelsey* v. *Abbott*, 13 Cal. 609, Clark & Co. had bought the property under judicial sale against the legal owners, and had by virtue thereof succeeded to their right and title, and were therefore bound to pay the taxes, as in this case Amerein became bound to pay all taxes accruing subsequent to his purchase. In *McMinn* v. *Whelan* the parties set up an equitable title. In the other cases cited the same reason for the decision is assigned, namely: that there was a moral and legal obligation resting on the purchaser to pay the taxes.

We claim that the case of *Moss* v. *Shear*, 25 Cal. 45–47, disposes of this: "If the defendant was under no legal or moral obligation to pay the taxes, there is no principle of law or equity which precludes him from purchasing at the

sale, although in possession at the time the assessment was made or when the land was sold." (See, also, *Blackey* v. *Beston*, 13 Ill. 714.)

In *Coxe* v. *Gibson*, 3 Casey, Penn., 165, the Court went further, and held that "there is nothing in reason or law to prevent a man who holds a defective title from purchasing a better at a Treasurer's sale for taxes. It is a very common remedy for defective titles."

Again, in *Branson* v. *Yancy*, 1 Devereux Eq. 81, the Court held that "a widow who, after the death of her husband, occupies his residence—his children, some of them of age, living with her—is under no obligation to pay the taxes accruing thereon between the death of her husband and the assignment of her dower."

By the Court, SAWYER, C. J. :

This is an action to recover lands to which plaintiffs show a regular title under a patent from the United States. The defendant relies on a title derived from a sale for the taxes of the year one thousand eight hundred and sixty-five, in all respects regular in form, and good if defendant was in a condition to purchase at the sale. If he was in possession, claiming the land, when the tax was levied and sale made, he was liable to be taxed, and it was his duty to pay the taxes, and, under such circumstances, we have often held, that he could not acquire an outstanding title by neglecting to pay the taxes, allowing the land to be sold, and purchasing at the sale. (*McMinn* v. *Whelan*, 27 Cal. 318; *Kelsey* v. *Abbott*, 13 Cal. 609; *Moss* v. *Shear*, 25 Cal. 38; *Coppinger* v. *Rice*, 33 Cal. 425; *Bernal* v. *Lynch*, ante, 135.) There was no paper title shown in defendant, but there was evidence tending to show, that he had been in the occupation of the land, claiming it, since 1862. If his possession was adverse from the beginning, his title would have become perfect against all the world on the 19th of April, 1868—two days after the commencement of the suit—under the Statute of

Limitations of 1863, for five years would have then elapsed;
and we apprehend from the evidence, that if suit had not
been commenced within five years, the plaintiffs would have
been met by the plea of the Statute of Limitations.   If he
was in possession, claiming the land, he had an interest sub-
ject to taxation, as real estate, within the meaning of section
five of the Act of 1861, under which the tax was levied,
(Stats. 1861, p. 421;) is the person "having the possession,
charge, or control thereof," and liable to be taxed under sec-
tion thirteen, (Stats. 1861, pp. 422, 423;) and one of "the tax-
able inhabitants," who, like all owners, should be assessed
by name, if known, and, if unknown, one to whom the
property should be assessed as "unknown owners," under
section twenty.  The property seems to have been so assessed
in this instance, and the suit and judgment were against
"all unknown owners and claimants and against the land *in
rem*," in pursuance of the statute.   In this State, it is noto-
rious, that a very large number of people occupy lands for
years, claiming them without any shadow of paper title;
that they improve them and enjoy the revenues derived
therefrom, as fully as though they owned the fee; and that
not a few do, ultimately, acquire a title in this way, under
the Statute of Limitations.   Under such circumstances, the
Legislature has seen fit to treat such parties in the occupa-
tion and enjoyment of lands, as owners, for the purposes of
taxation, and has made them liable to taxation and imposed
the legal obligation of payment upon them.   Under these
circumstances and the state of the evidence, therefore, we
think the Court erred in refusing the first and second instruc-
tions asked by plaintiff, and in giving the charge expressing
the opposite view.

Judgment and order denying a new trial reversed, and it
is further ordered that the remittitur issue forthwith.