MANUEL C. JORDAN, APPELLANT, VS. HENRY D. SAYRE, ET AL., APPELLEES.

1. A foreclosure proceding resulting in a final decree and a sale of the mortgaged property without the holder of the legal title being before the court, will have no effect to transfer his title to the purchaser at said sale.

2. A mortgagee, either before or after default in payment, has no title by virtue of his mortgage to the mortgaged real estate. His interest is simply a specific lien for the security of the debt mentioned in the mortgage, and he can acquire the legal title as against the mortgagor, or his grantees, only by out-bidding every other person at the forclosure sale.

3. A conveyance by the mortgagee of the mortgaged premises before foreclosure, or an attempted foreclosure, unless such conveyance contain a grant of the mortgage debt, or unless its terms are sufficient to carry this interest, and it was intended by the parties to have this effect, will be inoperative for this purpose.

4. Where the mortgagee, or a stranger to the record, purchases the mortgaged premises at a void sale under foreclosure proceedings, and then conveys by warranty deed said premises to a third party, he becomes subrogated in equity to the rights of the mortgagee in said mortgaged premises, as well as the mortgage debt thereon, to the extent of his purchase, and may demand a valid foreclosure of said mortgage for his protection. His right to be subrogated to the extent of his purchase in such a case to the mortgage security, does not depend upon a contractual assignment of the mortgage debt, but it comes about by operation of law.

5. A mortgagor, or his grantees of the mortgaged premises, can not set up against the mortgagee, or his assignee, a tax title acquired at a sale for non-payment of taxes which it was the duty of the mortgagor, or those holding under him, to pay.

Appeal from the Circuit Court for Duval county.

### STATEMENT.

The appellees, Henry D. Sayre, Phillip Halle and his wife, Minnie Halle, on the 21st day of May, A. D., 1887, filed in the circuit court for Duval county, Florida, their amended bill against Loudwick Warrock, his wife Adalina D. Warrock and Manuel C. Jordan, to foreclose a mortgage. The bill was filed on behalf of the wife, Minnie Halle, and it alleges substantially that:

1. On the 27th day of March, A. D., 1873, Loud-

wick Warrock being indebted to one C. B. Benedict, executed to him a promissory note for two thousand dollars, due twelve months from date, and to secure the payment of the same, said Warrock and his wife executed and delivered to Benedict a mortgage on the east part of lot number six (6), in square seventy-one (71), according to Hart's map, said parcel of land being eighty feet east to west, and one hundred and five feet in length from north to south, and fronting on Beaver street, in the city of Jacksonville, Duval county, Florida, and which mortgage was recorded in the registry of mortgages for Duval county, in Book C, of mortgages, on page 211.

2. That on the 18th day of June, A. D. 1874, said Benedict assigned and delivered said note and mortgage to complainant, Henry D. Sayre, and that by the terms of said mortgage said Warrock and wife conveyed said parcel of land upon the condition that said Loudwick Warrock pay to said Benedict, his heirs or assigns, the money mentioned in said note, with the interest thereon, the said mortgage should be void, and also there is in the mortgage an express covenant to pay said money and the expenses of collecting the same.

3. That a certified copy of said mortgage and assignment is annexed to the bill, and prayed to be taken as a part of it.

4. That on the 20th day of March, 1876, said Warrock and wife executed a warranty deed conveying said parcel of land to one A. Joseph Myers, and that

JANUARY TERM, 1892.      103

Manuel C. Jordan v. Henry D. Sayre, et al.—Statement of Case.

said Myers afterwards, by deed of quit-claim, on the 16th day of August, 1884, released his interest in said lot to defendant Manuel C. Jordan, who thereby claims to have become the owner in fee of the same.

5. That on the 25th day of September, 1879, said Sayre attempted to enforce the lien of said mortgage by foreclosure proceedings in the circuit court for Duval county, against said Loudwick Warrock and wife, and such proceedings were therein had that on the first day of December, 1879, a paper purporting to be a final decree, was signed by the judge of said court adjudging that the sum of $4,655.55 was due said complainant Sayre on said note, and that said parcel of land mentioned in said mortgage be sold by a master of the court to pay the same, as will appear by a reference to the record of said proceedings now remaining in said court, to which complainants beg leave to refer as may be deemed necessary.

6. That under said decree a master, on the 5th day of January, 1880, made a formal sale of said property, and complainant, Henry D. Sayre, became the purchaser at the sum of one thousand dollars, and said master executed and delivered to him a usual master's deed purporting to convey to him said parcel of land.

7. That in said proceedings to foreclose said mortgage, only Warrock and his wife were made parties defendant, although the legal title to said lot of land had been conveyed by said Warrock and wife to said Myers before the commencement of said proceedings and was in him at the time, and no subpœna or no-

tice of the same was served on him, and he was in no manner made a party thereto; that complainants are advised that the said title in said Myers was not af· fected by said proceedings and did not pass to said Sayre by the said master's sale, and that said proceedings were utterly without effect to satisfy the said note and mortgage, and the same remains in force and effect as though no such proceedings had been had.

8. That on or about the 25th day of September, 1883, said Henry D. Sayre, executed and delivered to said Manuel C. Jordan, a deed of conveyance with warranty of title, purporting to convey to said Jordan in fee the west fifty feet of said eighty feet of said lot six (6), in square number seventy-one (71), and that the consideration paid by said Jordan for said conveyance was $1,200, and that said Sayre conveyed by said deed to said Jordan · whatever title Sayre had in said fifty feet and discharged the same from the lien of said mortgage, and thereby reduced the amount due upon said note and mortgage to the extent of the sum so paid by said Jordan.

9. That on the 10th day of June, 1884, said Sayre transferred by deed of conveyance, in consideration of $500, to said Minnie Halle all right, title and interest, and all claim and demand whatever in law and in equity, in and to the said thirty feet of the east eighty feet of said lot six (6), in square seventy-one (71); and complainants allege that the only interest said Sayre had in said east thirty feet was the mortgage lien, and they insist that the said deed of Sayre to Minnie Halle

was, and must be deemed and decreed to be, an assign ment by said Sayre to her of the said note and mortgage and the money due thereon, after deducting the amount paid by said Jordan to Sayre.

10. That neither said Warrock nor any other person for him has paid to the past or present holder of said note and mortgage the money therein mentioned, but the same remains due and unpaid, except the sum paid as aforesaid by the said Jordan to Sayre.

The prayer of the bill is, that said defendants be required to answer the bill, and that the east thirty feet of the mortgaged lot be sold to satisfy the amount due thereon, to be ascertained according to the rules and practice of the court, and that said amount be paid to complainants for the use of said Minnie Halle, and for such other and further relief as the nature of the case may require.

After service of subpœna on said defendants a decree *pro confesso* was entered as to Loudwick Warrock and Adalina Warrock, and Manuel C. Jordan interposed a demurrer, assigning various grounds. This demurrer was overruled by the chancellor, and on appeal to this court (Jordan vs. Sayre, 24 Fla., 1; 3 South. Rep., 329), the decree overruling the demurrer was sustained. On the return of the mandate to the lower court the defendant, Jordan, filed an answer.

The allegations of the answer in reference to the fourth, eighth, ninth and tenth paragraphs only of the bill need to be considered in the determination of the questions here presented.

The first, second, third and sixth paragraphs of the bill are admitted to be true. In reference to the fifth it is admitted that Sayre was on the 25th day of September, A. D. 1879, the holder and owner of the note and mortgage executed by Warrock and wife, but it is alleged that the original record of the proceedings mentioned in said paragraph is the best evidence thereof, and, as respondent is informed and believes, is the only legal evidence of the same, and that the legal effect thereof can be determined only on a production and examination of the record.

As to the seventh paragraph it is alleged the legal effect of the proceedings therein mentioned can only be determined by the production and examination thereof, but the legal effect of said proceedings, as respondent is advised and believes, as alleged in said paragraph, is denied.

As to the eighth paragraph of the bill respondent says that on the 25th day of September, A. D. 1883, said Sayre executed and delivered to respondent the original deed appended to the answer as part thereof, by which the west fifty feet of said lot six (6) was conveyed to him in consideration of $1,200 then paid by respondent to said Sayre ; that it is not true as matter of fact, or as respondent is advised, informed and believes, as matter of law, the effect of said deed was merely to convey to respondent whatever title said Sayre had in said parcel of land, and to discharge the same from the lien of said mortgage, and thereby to reduce the amount due upon said note and mortgage to the extent of said consideration.

As to paragraph nine the answer says that respondent has no knowledge of the execution of the conveyance or the consideration paid therefor, as alleged, from said Sayre to said Minnie Halle, nor has respondent any knowledge of the contents of said alleged conveyance, but respondent avers, on information and belief, that said Sayre had no interest whatever in said lot alleged to have been conveyed to said Minnie, other than such as acquired (if he acquired any) by virtue of the said master's deed to Sayre; that as matter of fact said Sayre, by said deed to Minnie Halle, did not sell or convey said note and mortgage or any part of the same.

Respondent further avers on information and belief that said Sayre did not by said conveyance intend to convey, and that said Minnie Halle did not intend to purchase or receive said note or mortgage, or any part of the same, and respondents insist that said deed from said Sayre to Minnie Halle was not in fact, and cannot, and should not, be considered or decreed to be an assignment to her of the said note and mortgage and the money due thereon, or any part thereof, as to the said east thirty feet of said lot, as claimed in said paragraph.

Further answering paragraph nine respondent alleges that if it be true as set up in said paragraph that the effect of the simple deed from Sayre to Minnie Halle *proprio vigore* was to assign to said Minnie said note and mortgage, because the lien of the same was, as alleged, the only interest Sayre had in said lot at

the time he executed said deed, the warranty deed, executed on the 25th day of September, 1883, by said Sayre to respondent, when Sayre had the whole note and mortgage undiminished by the payment of a transfer of any part thereof, and had no other interest in said west fifty feet so conveyed to respondent than said mortgage lien, must *proprio vigore* have assigned to respondent said note and mortgage ; and so it is, respondent avers, that it is not true said Sayre at the time of the alleged execution of the deed to Minnie Halle had a mortgage lien upon the lot so sought to be conveyed to her.

Further answering paragraph nine respondent says that neither Warrock, nor said Myers, consented to, nor were they, or either of them, consulted about, or privy to the negotiations or price paid for the said purchase by Minnie Halle and respondent, and so respondent avers that at the time said conveyance was made to Minnie Halle the said Sayre had no debt or other claim against said Warrock capable of being ascertained on enforced against said east thirty feet.

As to the tenth paragraph respondent says he does not know, and has no information, as to whether said Warrock has paid to the past or present holder, if there be a present legal holder of said note, the sum therein mentioned, but he says it is not true that said note and mortgage remains unpaid except the sum paid by respondent to Sayre, and that no ascertained sum or sums capable of being ascertained now remains due upon

said note and mortgage, if there be any sum due thereon.

As to the fourth paragraph it is alleged that said Warrock on the 20th day of March, 1876, being then in possession of the entire portion of said lot, conveyed it by full warranty deed to A. Joseph Myers, and that thereafter Myers conveyed the same by deed to respondent, the originals of said deeds being attached as part of the answer.

Further respondent says it is not true that he claims title to said lot solely through the deed executed to him by said Myers ; that he purchased in good faith from Sayre the west fifty feet of said lot, taking from him a deed thereto with full covenants of warranty, and subsequently respondent discovered that said entire east half of said lot had been sold on the 28th day of July, A. D. 1879, to the State of Florida, for taxes duly assessed thereon for the year 1879, and that the title thereto was in the said State of Florida, and thereupon respondent purchased the same from the State, for which purchase a deed was executed and recorded, as is shown by certified copy appended as part of the answer. Respondent avers that by virtue of said deed he acquired a title paramount to said mortgage, and that he took possession of said lot of eighty feet under said deed, and has continuously held possession of the same.

On the 2d day of April, A. D. 1888, complainants below filed the general replication to said answer, and on the 25th day of May, A. D. 1888, they set the cause

down for hearing on bill, amended bill, answer and exhibits thereto, the record of proceedings in the foreclosure suit of Henry D. Sayre vs. Loudwick Warrock, and the deed from Sayre to Minnie Halle. Service of notice of setting the cause down for hearing was accepted by solicitors for respondent, and on the day the cause was set down, a hearing was had and the chancellor decreed in favor of complainants, that the property described in the bill is subject to the mortgage sought to be enforced for the balance of said debt. A reference was made to a master to ascertain and report what is due complainants for balance of the principal and interest on the note and mortgage after deducting the sum of $1,200 paid by respondent, costs and attorney's fee, as provided in the mortgage.

Jordan appeals, and assigned here that the court erred in rendering said decree, and in not dismissing the bill.

The other facts in the case are stated in the opinion of the court.

*A. W. Cockrell & Son* for Appellant.

*Walker* and *L'Engle* for Appellees.

MABRY, J.:

The former proceedings on the part of Sayre to foreclose the mortgage executed by Warrock and wife to Benedict, and assigned to Sayre, were futile, and

JANUARY TERM, 1892.          111

Manuel C. Jordan v. Henry D. Sayre, et al.—Opinion of Court.

the sale thereunder did not pass any title to him. Jordan vs. Sayre, 24 Fla., 1; 3 South. Rep., 329.

Sayre first executed and delivered to Manuel C. Jordan, appellant, a warranty deed for the west fifty feet of the east eighty feet of lot six (6), in square seventy-one (71), according to Hart's map, in the city of Jacksonville, Duval county, Florida, being the lot described in the Warrock mortgage, and then executed and delivered to Minnie Halle, one of the appellees, a warranty deed to the remaining thirty feet of said eighty feet lot. At the time of the conveyance to Jordan the situation of Sayre with respect to the entire eighty feet lot was that of mortgagee by virtue of the assignment from Benedict. After the execution of the deed to Mrs. Halle, Jordan obtained a conveyance from Myers, who had purchased from Warrock, for the entire eighty feet lot, and thereby became the holder of the legal title, at the same time being in possession of a prior warranty deed from Sayre, the mortgagee, for the west fifty feet of said lot. Under this condition of affairs, Sayre and the Halles, husband and wife, file a bill to foreclose the Warrock mortgage for the use of Mrs. Halle, to whom Sayre had executed a warranty deed, on the east thirty feet of said lot, and asking that the sum of twelve hundred dollars, the purchase money paid by Jordan for the other portion, be credited on the mortgage debt. It is alleged in the bill that the only interest Sayre had in the said thirty feet of said lot at the time he executed the deed to Mrs. Halle, was the mortgage lien, and complainants insist that the deed from Sayre to Mrs.

Halle was, and must be deemed and decreed to be an assignment to her of said note and mortgage and the lien thereof on said thirty feet, after deducting the amount paid by Jordan to Sayre.

The consideration of two questions will be sufficient to determine the matters now before us. The first one is, what is the effect of the deeds executed by Sayre to Jordan and Mrs. Halle, under the circumstances presented here, on the present foreclosure proceedings; and, second, what efficiency must be given to the alleged tax title acquired by Jordan?

When the case was here before on appeal (Jordan vs. Sayre, *supra*), it was said: "It is true that an assignment simply of the mortgage, or of the mortgagee's interest in the land, without the debt, is held to be a nullity. In the case at bar, however, we have before us as complainants, both the assignor and the assignee, and upon the record, the assignment of both the balance of the debt and the lien as to the east thirty feet is admitted; and the terms of the deed as set forth in the bill are sufficient to carry the mortgage interest as to the land involved in this suit, and should be held to do so." Counsel for appellant contend that this decision was made on a demurrer to the bill, but as it is averred in the answer that as matter of fact Sayre did not sell or convey to Mrs. Halle by his deed to her, said note and mortgage, and that he did not intend by said deed to convey, and Mrs. Halle did not intend to purchase or receive, said note and mortgage, and that said conveyance was not in

fact, and cannot and should not be deemed as an as-
signment to her of said note and mortgage, an issue is
presented which must be determined in favor of ap-
pellant, on a failure of proof to sustain the alle-
gations of the bill.   It appears that counsel for com-
plainants in the court below set the cause down for
hearing before the expiration of the time fixed for tak-
ing testimony, on bill, answer, exhibits, the record
of the former proceedings of Sayre against Warrock
and wife, and the deed from Sayre to Mrs. Halle, and
both parties went to hearing on this submission.
Looking to the entire record, including the answer of
appellant, is any valid objection to the foreclosure
proceedings shown?   Complainant, Sayre, executed to
Mrs. Halle a warranty deed to the land which he did
not own, though he may have mistakenly supposed
he did, but on which rested the lien of the mortgage
which had been assigned to him, together with the
mortgage debt.   Sayre unites with Mrs. Halle in a bill
to foreclose said mortgage for her benefit, on the part
of the lot which she had attempted to buy from him,
and for which she held his warranty deed.   They al-
lege that the only interest Sayre had in the lot at the
time of his said conveyance was the mortgage lien,
and that the deed to Mrs. Halle was and must be so
decreed an assignment of said mortgage debt, except
$1,200, paid by appellant to Sayre.   Appellant says in
opposition to their right to maintain the suit, that
they did not intend the deed to Mrs. Halle to be a
conveyance of the mortgage debt.   Does this, in the

face of what is admitted in the record, constitute any
defense? With us the mortgagee, either before or af-
ter default, has no title by virtue of his mortgage to
the mortgaged real estate. His interest is simply a
lien for the security of the debt mentioned in the
mortgage, and he can acquire the title, as against the
mortgagor or his grantee, only by out-bidding
every other person at the foreclosure sale. At the
time of the execution of the deed to Jordan by Sayre,
he had no title to convey, and his interest in the land
was a lien of a mortgage to secure the payment of a
note which he held against Warrock. And the same
is true of Sayre's situation in reference to the east
thirty feet of the lot, and the attempted sale to Mrs.
Halle, unless his previous deed to appellant produced
a different result. It is furthermore true under the
existing conditions with us in respect to the rights of
mortgagor and mortgagee, that a conveyance by the
latter of the mortgaged property before foreclosure, or
an attempted foreclosure, unless such conveyance con-
tain a grant of the mortgage debt, or unless its terms
are sufficient to carry this interest, and it was intended
by the parties to have this effect, will be inoperative
for this purpose. The mere conveyance by the mort-
gagee of the mortgaged premises alone will not *per se*
operate as an asssgnment of the debt secured by the
mortgage. Hill vs. Edwards, 11 Minn., 22; Everest vs.
Ferris, 16 Minn., 26; Purdy vs. Huntington, 42 N. Y.,
334; Smith v. Smith, 15 N. H., 55. On the other hand,
it has been held by many cases, and seems to be sus-
tained by the decided weight of authority, that where a

void sale has been made of the entire mortgaged premises under proceedings to foreclose a mortgage, a third party purchasing at said sale succeeds to the title and rights of the mortgagee in said property, and may enforce them as the mortgagee could have done, had no sale taken place. And it appears that where the mortgagee becomes the purchaser of the entire mortgaged premises at a void foreclosure sale and then sells and attempts to convey such premises, his deed operates as an assignment of the mortgage debt, as well as the mortgage securing the same to the grantee in the deed. Johnson vs. Sandhoff, 30 Minn., 197; Cooke vs. Cooper, 18 Oregon, 142; Stark vs. Brown, 12 Wis., 572; Brobst vs. Brock, 10 Wallace, 519; Hoffman vs. Harrington, 33 Mich., 392; Jackson vs. Bowen, 7 Cowen, 13; Robinson vs. Ryan, 25 N. Y., 320; Winslow vs. Clark, 47 N. Y., 261. This doctrine seems to rest upon certain equitable considerations between the mortgagee and the purchaser. In Stark vs. Brown, *supra*, in speaking of the right of the mortgagee to assign his debt, it is said: "If he sees fit to invoke the agency of the law, not only to accomplish that assignment, but to divest all adverse rights and transfer them to the purchaser, if by any reason he fails to accomplish the latter object, should that also defeat the former? It seems to us not; * * * Where the mortgagee has assented to the sale in that manner, and taken the purchaser's money, this conclusion would seem to rest safely on the doctrine of equitable estoppel, whatever

irregularities there might be in point of form." In Frische vs. Kramer's Lessee, 16 Ohio, 125, it was held that the purchaser at judicial sale of the mortgaged premises becomes invested with the interest of the mortgagee in the land, and so far as the land is concerned, is subrogated to all the rights of the mortgagee. In Smith v. Hitchcock, 130 Mass., 570, it was decided that the conveyance by the mortgagee of a part of the mortgaged premises operated as an equitable assignment of the mortgage to secure the purchaser in the amount he had paid for the land. In one of the opinions delivered in Wilson vs. Troup, 2 Cowen, 195, it was said, in reference to the effect of a conveyance of a part of the mortgaged premises by the mortgagee, "it produces a suspension of the exercise of the power as to the part conveyed in hostility to the right of the grantee; that is, the grantor shall not defeat his own grant. But the operation of a suspension of the power, whether it applies to the whole or a portion of the estate, is merely to postpone the vesting of the estate, or interest created by, or acquired under the power in possession. It does not suspend or affect the right to execute the power and perfect the title to the estate." In this case the mortgagee had conveyed by warranty deeds parts of the mortgaged premises to persons who had not acquired the equity of redemption in the parts so purchased, and it was decided that the mortgagee could sell the entire estate, but should

he acquire title to the portions which he had conveyed, it would enure to the benefit of such purchasers.

It was clearly the duty of Sayre, under the covenants in his deed to Mrs. Halle, to perfect the title to the part of the lot which she had purchased, and it was legitimate for him, conceding that he had an interest in the mortgage debt, with her co-operation, to foreclose and buy in the legal title with that debt if he could. His warranties in the deed would estop him of course from asserting any interest in the land in hostility to her, and should he acquire the legal title, it would at once pass to her. According to the authorities above cited, Mrs. Halle would, in equity, be entitled to be subrogated, to the extent at least of the lot described in her deed and the amount paid for the same, to the rights of Sayre in the debt, and mortgage securing the same on said lot. Her rights under her warranty deed, accruing by operation of law, would be the same, to the extent of her purchase, as her grantor had, and it is clear that all he had was a right to foreclose his mortgage on said lot. To this extent it is clear Mrs. Halle would have an equitable right to have the mortgage foreclosed for her benefit. It would manifestly be no defense to a bill filed by Sayre and herself to foreclose the mortgage on the lot, to allege that the deed from the former to the latter was not intended by them to operate as an assignment of the mortgage debt, when in equity, as we have seen, she becomes subrogated to the mortgage security to the extent of her purchase.

118 SUPREME COURT.

Manuel C. Jordan v. Henry D. Sayre, et al.—Opinion of Court.

She might not necessarily, by operation of law under her purchase, acquire the entire interest in the mortgage debt, as it may be large enough to protect her rights in the lot and leave a balance over. Her right, however, to be substituted, to the extent of her purchase, to the mortgage security does not depend upon a contractural assignment of the mortgage debt, but it comes about by operation of law. The answer of appellant in so far as the allegations in reference to the assignment of the mortgage debt extend, shows no defense against the right to foreclose the mortgage. If we were to concede that the parties did not, as a matter of fact, intend the deed to Mrs. Halle to operate as an assignment of the mortgage debt, it does not deprive the transaction of its legal effect in equity of subrogating her to the rights of the mortgage security to the extent of her purchase. She can only avail herself of her rights in this respect by a foreclosure, and as equity gives her this remedy, she is in the proper forum. Nor does Sayre in any way obstruct her in this remedy. He joins in the suit and asks that the court decree a foreclosure in her favor, and that his conveyance to her be decreed as an assignment of the balance of the mortgage debt. Within the authority of Wilson v. Troup, *supra*, Sayre, who is before the court as complainant, can maintain the foreclosure suit. There is no objection to him as being an improper party here. Mrs. Halle is the only person, so far as this record shows, who has any right to object to the foreclosure of the mortgage on the part of

JANUARY TERM, 1892.        119

Manuel C. Jordan v. Henry D. Sayre, et al.—Opinion of Court.

the lot involved in this suit.    Though she may not
have acquired any legal title to the part of th· lot by
her deed from Sayre, yet, as between them, she has ac-
quired rights which he is bound to respect, and inter-
ests which it is his duty to protect.    They are both be-
fore the court as complainants, asking that the mort-
gage be foreclosed for the benefit of Mrs. Halle, and
under the terms of Sayre's deed to her, to the extent
of the property therein attempted to be conveyed at
least, they maintain an equitable status in the court to
foreclose the mortgage.

Much of the discussion of the counsel for appellant
is based on the theory that appellant by his deed from
Sayre acquired a large part, if not all, of the mortgage
debt from the latter.    It will be remembered that ap-
pellant first purchased from Sayre fifty feet of the lot
described in the mortgage.    There is here no invasion
of this fifty feet.    Appellant's warranty deed will pro-
tect this part against unfriendly action on the part of
Sayre, or any one claiming subseqently under him.
If it appeared that the title in the portion of the lot
described in the deed from Sayre to appellant was
outstanding, and it was necessary for his protection
that the mortgage security should be foreclosed on
this portion of the lot also, he would have a right,
upon proper allegations, to a decree to this effect.
His rights, however, would attach to the mortgage se-
curity only to the extent of his purchase.    His subro-
gation, under such circumstances, would spring from,
and be measured by, the warranty deed to him from

Sayre. It would arise from the fact that Sayre, the holder of a mortgage lien on the lot, had sold it to him for twelve hundred dollars in cash, and the latter, in equity, would be entitled, under the circumstances, to have the mortgage security enforced on the land to secure him in his purchase. But no such case is presented for appellant. He has already acquired, by conveyance from Myers, who purchased from Warrock, the original mortgagor, the legal title to the portion of the lot described in the deed from Sayre.

As to the thirty feet now sought to be subjected to the lien of the mortgage, appellant occupies the position of mortgagor, having derived title from him, with knowledge of the mortgage.

It is not claimed in the answer that Sayre intended to, or did in fact by his deed to appellant, assign any portion of the mortgage debt. It is true the answer says that if the deed to Mrs. Halle, *proprio vigore*, assigned to her the debt and mortgage, then the former deed to appellant must likewise be deemed to have transferred to him said debt and mortgage, or, as it is argued, the major part of it. But we do not hold that the deed to Mrs. Halle operates, *proprio vigore*, to assign the debt and mortgage to her. We hold that the purchase by Mrs. Halle from Sayre operates as a subrogation to his rights in the mortgage security to the extent of protecting her in the portion of the lot described in her deed. This protection can only be had, as shown here, by a foreclosure of the mortgage. It nowhere appears that it is necessary for

the protection of appellant in his purchase from Sayre that any portion of the mortgage debt be decreed to exist for his benefit; on the contrary, it appears that no part of the mortgage security is necessary to secure him in the fifty feet described in his deed from Sayre, and as it is not shown that appellant has any interest in the debt and mortgage, it becomes unnecessary for us to devote any discussion to the case as presenting this aspect. While the warranty deed from Sayre to appellant protects him in the portion described therein, it does not affect the residue of the debt, nor the lien of the mortgage as to the remainder of the land. As to this, he is in the place of the mortgagor, and the abortive foreclosure proceedings are no bar to another action to enforce the lien of the mortgage. Aside from the tax title, the other allegations in the answer call for no discussion. The hearing was had upon the record of the proceedings in the foreclosure suit, and what is alleged in the answer in reference thereto constitutes no defense.

It is contended in the second place that after appellant obtained his deed from Sayre he discovered that the entire lot had been sold to the State of Florida, for the non-payment of taxes assessed thereon for the year 1878, and that he had obtained from the State a tax deed, which is paramount to the mortgage. A certified copy of the tax deed is attached to the answer as a part thereof, and is executed by the clerk of the circuit court of Duval county, on the 19th day of August, 1884. It is contended by appellees that appellant could not, by reason of his relation to the

property and the parties here, acquire a tax title as against their interest, and that the acquisition of the same amounted to a redemption of the property from said tax sale. Appellant's deed from Myers bears date the 16th day of August, 1884, and the tax deed is dated August 19th, 1884. By the purchase from Myers, appellant became invested with the title of the mortgagor. In Jones on Mortgages, sec. 680, it is laid down as a rule that "a mortgagor cannot, by acquiring a tax title upon the land, defeat the lien of the mortgagee. It is his duty to pay the taxes, and he is not allowed to acquire a title through his own default. The same obligation rests upon one who has purchased the land of the mortgagor. * * * The mortgagor, or any holder of the equity standing in his place as a purchaser, or a second mortgagee, cannot set up such title against the prior mortgagee." Burroughs, in his work on taxation, sec. 123, p. 353, announces the same view. If a person is in possession of land claiming the same as his own, it is his duty to pay the taxes, and under such circumstances he cannot acquire an outstanding title by neglecting to pay the taxes, and allowing the land to be sold for the same and purchasing the same. Some decisions go to the extent of holding that if he be a trespasser in possession claiming the land he cannot neglect to pay taxes and then acquire a title by purchasing the same at tax sale. Douglass v. Dangerfield, 10 Ohio, 152; Bassett vs. Welch, 22 Wis., 175; Barrett vs. Amerein, 36 Cal., 322. In Spratt vs. Price, 18 Fla., 289, it is said that the terms, duty and obligation to

pay taxes, are used, first in reference to the government imposing the tax, and second, in reference to the relation existing between individuals. The legislature fixes the duty to the State, and the relation, legal or equitable, between individuals gives rise to the obligation between parties. Here it was held that a mortgagee not in possession could acquire a valid tax title at a second sale, based upon an assessment against the mortgagor in possession, as against a stranger who had purchased at a former tax sale. The question here presented involves the right of a purchaser from a mortgagor to acquire a tax deed as against a mortgagee or his assignee. In Avery vs. Judd, 21 Wis., 262, it was decided that one in possession of mortgaged land under a deed from the mortgagor, subject to the mortgage, cannot take as against the mortgagee a tax title for taxes which the mortgagor or those holding under him were bound to pay. In this case the mortgage was executed and recorded in 1853, and through *mesne* conveyance from the mortgagor, Judd came to the owner of the equity of redemption in 1859. The mortgaged premises were sold to the county at tax sale in 1858, for the taxes of 1857, and a tax deed was issued to Judd in 1862, as assignee of the tax sale certificate. When Judd purchased the mortgage premises through *mesne* conveyances from the mortgagor in 1859, they had been previously sold to the county for the taxes of 1857. In speaking of the relation of the parties in this case, Dixon, C. J.,

said: "It is a relation of trust, arising from the nature of the contract as a security, and the situation of the parties with respect to the property upon which the security is given. The mortgagor, and those in possession under him subject to the payment of the mortgage, hold the estate clothed with a fiduciary duty. The estate, to the extent of his interest, belongs to the mortgagee; and the mortgagor and his grantees are entrusted with the care of it; and being so intrusted, they are bound in equity and conscience to do no act and to suffer none to be done, which shall destroy the mortgagee's title, or impair his security. * * * Judd, as the holder of the estate by conveyance from the mortgagor subject to the mortgage, was precluded from acquiring title by tax deed as against the mortgagee. He stood in the place of the mortgagor, whose duty it was to have paid the taxes. This was the duty of the mortgagor in possession, not only by virtue of that relation, but more particularly because of the covenant which he had made to pay all taxes. The same duty devolved upon Judd upon conveyance of the premises to him subject to the payment of the mortgage." This view finds support in the following authorities: Lacey vs. Davis, 4 Mich., 140; Middletown Savings Bank vs. Bacharach, 46 Conn., 513; Stears vs. Hollenbeck, 38 Iowa, 550; Cooley on Taxation, 500; 1 Blackwell on Tax Titles, sec. 591; Black on Tax Titles, sec. 138.

The tax title set up as a defense here covers the

entire lot, and, as appears from the record, at the time Jordan obtained it he owned, freed by his warranty deed from the mortgage lien, the west fifty feet of the lot. The tax title is an entirety and covers property then owned by appellant, as well as that part now involved. In 1 Blackwell on Tax Titles, sec. 592, it is said that one who owns any portion of the equity of redemption from a mortgage cannot buy a tax deed that will be valid against the mortgagee. In Middletown Savings Bank vs. Bacharach, *supra*, it is declared "that any party who sustains such a relation to the property that he has a right to redeem, and, if redeeming, may be required to refund to the mortgagee the taxes paid by him, cannot be a purchaser of the property if sold for taxes." Furthermore the copy of the tax deed attached to the answer shows that the lot was sold in 1879 for the non-payment of taxes levied and assessed thereon for the year 1878, and that the assessment was to L. Warrock. The deeds exhibited as parts of the answer show that Warrock had previously sold the property, and that A. Joseph Myers was at the time of the assessment the owner of the property. On the record here there is apparently an erroneous and void assessment.

Upon a consideration of the entire record, our judgment is, that the decree of the chancellor should be affirmed, and it is so ordered.

RANEY, C. J.:

It is fully adjudicated by the authorities cited in the

main opinion that where the owner of the mortgage interest purchases at a foreclosure sale under a decree in which he is complainant, but to which the owner of the legal title of the land is not a party, and obtains a deed, purporting to convey the land to him, and afterwards to execute a deed, with covenants of warranty, conveying the land to another, this deed operates as an assignment of the mortgage claim to the last supposed purchaser; and authorities cited even show that he is a necessary party to a bill brought by the owner of the legal title to redeem the mortgage. Where, as here, the assignment of the mortgage interest—the debt and the lien on the land—is asserted on the record by both the grantor and the grantee, and the terms of the deed are sufficient to carry such interest, the mere holder of the legal title cannot, in my judgment, question the mere intent to assign the mortgage interest. Upon these pleadings Jordan is, as to the thirty feet in question, no more than a mere holder of the legal title. The intent to assign is a matter of immateriality to Jordan, in so far as he is shown to be concerned, in the face of the deed and the admission referred to. Had Sayre continued to hold the mortgage, he could have foreclosed it as to the thirty feet, even as against Jordan, under the circumstances of this case, excluding the assignment to Mrs. Halle. Jordan shows no interest which is in any wise affected by the transfer, nor any fact altering the law of the case (Wilson vs. Fridenburg, 21 Fla., 386) as settled by the de-

cision made when it was here before. (Jordan vs. Sayre, 24 Fla., 1.) This decision adjudged that upon the case as then made, the deed operated as an assignment to Mrs. Halle of the mortgage interest remaining in Sayre. The only parties who, upon the face of this record, can ever claim any interest in the remainder of the mortgage interest sought to be foreclosed are before the court, and they, as against Jordan, are forever concluded by the decree from asserting that the transfer has not been made. Jordan not only does not show any interest of his which can suffer from the assignment, but he does not pretend that there is any one before the court who has any interest in the controversy.

There is no controversy in the record between Sayre and Mrs. Halle as to the extent to which the mortgage claim held by Mrs. Halle, at the time the deed was executed, was assigned to her; nor as shown by the main opinion, is there any such controversy properly made between Jordan and complainants. Upon this question, and as to what right Sayre might have to enforce of himself the mortgage for the benefit of Mrs. Halle, and as to the exact principle upon which the deed can be said always to operate in cases of this kind, I express no opinion.

While I concur fully in the conclusion that the decree appealed from should be affirmed, and am of the opinion that the real effect of the deed, under the cir-

cumsances of its execution, and of the case as it is made by the pleadings, was to assign the mortgage interest to Mrs. Halle, and that, as is indicated by the main opinion, there is nothing in the answer, outside the effect of the tax deed, to merit any attention but the question of intent, I do not think that Jordan can, under the case made by the pleadings, question this intent ; and this view is, in my judgment, the one properly controlling the decision of the issue thus attempted to be raised by the answer.