[Civil No. 750. Filed March 23, 1901.]

[64 Pac. 412.]

J. M. ALLEN, and D. C. MURRAY, Treasurer and Ex Officio Tax-Collector of the County of Maricopa, Defendants and Appellants, v. J. W. EVANS, Administrator of the Estate of Robert Garside, Deceased, Plaintiff and Appellee.

1. TAXES AND TAXATION—SALE FOR DELINQUENT TAXES—TITLE CANNOT BE STRENGTHENED BY PURCHASE AT TAX SALE, IF PURCHASER Is BOUND TO PAY TAXES.—One who is under any legal or moral obligation to pay taxes cannot, by neglecting to pay the same, and allowing the land to be sold in consequence of such neglect, add to or strengthen his title by purchasing at the sale.

2. SAME—SAME—ONE IN POSSESSION, IF NOT BOUND TO PAY TAXES, MAY PURCHASE.—One who is under no legal or moral obligation to pay taxes is not precluded from purchasing at the tax sale, although in possession at the time the assessment was made or when the land was sold.

3. SAME — SAME — ACTION TO ENJOIN — INJUNCTION—WILL ONLY BE GRANTED WHERE PLAINTIFF SHOWS CLEAR AND UNEXCEPTIONABLE RIGHT.—Plaintiff alleged that he purchased property at foreclosure sale on March 26, 1894; that possession had never been obtained by him; that on the same day defendant entered into possession claiming title under two deeds of prior date duly recorded and had continuously remained in possession, receiving the rents, issues, and profits therefrom; that while so in possession, and claiming ownership, the defendant suffered the taxes to become delinquent and the premises to be sold therefor; that at the sale the defendant became the purchaser; that these acts were done to cast a cloud upon plaintiff's title and to defraud plaintiff of the premises by obtaining a deed therefor, and prayed for a perpetual injunction restraining the treasurer from signing a deed to defendant, and defendant from receiving any deed based upon said tax sale. *Held,* that the complaint fails to state facts sufficient to entitle the plaintiff to relief by injunction, it appearing therein that the title to the premises is in dispute.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa, R. E. Sloan, Judge. Reversed.

The facts are stated in the opinion.

Baker & Bennett, for Appellants.

Thomas Armstrong, Jr., for Appellee.

DAVIS, J.—On the eighteenth day of July, 1896, the appellee commenced an action in the court below to enjoin the defendant D. L. Murray, as treasurer and *ex officio* tax-collector, from issuing, and the defendant J. M. Allen from receiving, a tax-deed for certain real estate situate in Maricopa County, which had theretofore been declared sold to Allen for the delinquent taxes of the year 1894, and for which he was holding a certificate of sale. The complaint sets forth in substance that the plaintiff is the owner and entitled to the possession of said real estate; that he derives title thereto through a purchase at foreclosure sale on March 26, 1894; that possession has never been obtained by him; that on said March 26, 1894, the defendant Allen entered into possession of said premises, claiming title under two certain deeds' of conveyance, duly recorded, one dated March 1, 1894, and the other March 8, 1894, and has ever since continuously occupied the same, receiving the rents, issues, and profits thereof, and excluding the plaintiff therefrom; that, while so in the occupancy of said premises and claiming ownership, the said defendant neglected and refused to pay the taxes thereon for the year 1894, suffered the same to become delinquent, and the premises to be sold therefor on July 11, 1895; that said defendant became the purchaser at said sale for the sum of $306.76, and received a certificate in the usual form; that these acts were done for the purpose of casting a cloud upon plaintiff's title and to defraud him of said premises by obtaining a deed therefor on account of said delinquent tax sale; that by the terms of said certificate the said Allen will be entitled to such a deed at the expiration of one year from said sale, and that he threatens and intends to apply therefor on the twentieth day of July, 1896; that the said defendant Murray, as treasurer and *ex officio* tax-collector as aforesaid, will, unless restrained by the order of the court, issue such tax-deed to said Allen, to plaintiff's great injury and damage. There is a prayer for an injunction forever prohibiting the treasurer and *ex officio* tax-collector from issuing and the said Allen from receiving any deed based upon the said certificate of sale, and it is also prayed that the said certificate be ordered surrendered and canceled. A general demurrer was inter-

posed to the complaint, and the answer also contains other defenses. The demurrer was overruled, the cause proceeded to trial, and on the final hearing the court granted to the plaintiff the injunction and relief as prayed for. The defendants' motion for a new trial being denied, they bring this appeal.

Did the district court err in overruling the demurrer? Ordinarily, a suitor in equity, asking to be relieved from an alleged illegal sale of his lands for delinquent taxes, is required to show by the averments of his complaint that he has either paid or tendered the amount of the taxes or charges which were legal. In the case at bar the appellee excuses himself from compliance with this usually just rule of equity upon the theory that the appellant Allen, having been in possession of the real estate under a claim of ownership when the tax was levied and sale made, was in duty bound to have paid the taxes thereon, and that a tax sale to him, under these circumstances, only amounted to a payment of the taxes. As a proposition of law the theory stated by the appellee is not without authority for its support. *Barrett* v. *Amerein,* 36 Cal. 322; *Bernal* v. *Lynch,* 36 Cal. 135; *McMinn* v. *Whelan,* 27 Cal. 300; *Whitney* v. *Gunderson,* 31 Wis. 359; *Douglas* v. *Dangerfield,* 10 Ohio, 152; *Choteau* v. *Jones,* 11 Ill. 300, 50 Am. Dec. 460. The principle has been enunciated that one who is under any legal or moral obligation to pay taxes cannot by neglecting to pay the same, and allowing the land to be sold in consequence of such neglect, add to or strengthen his title by purchasing at the sale; and, on the other hand, one who is under no legal or moral obligation to pay taxes is not precluded from purchasing at the tax sale, although in possession at the time the assessment was made or when the land was sold. *Moss* v. *Shear,* 25 Cal. 38, 85 Am. Dec. 94, and note. Blackwell on Tax Titles (3d ed., at p. 397), states the principle in this language: "One in possession of a tract of land at the date of the assessment may purchase at the sale, unless it appears that he was bound to pay the taxes, in which event he can acquire no title by his purchase." It is not claimed in this case, so far as the complaint shows, that there were any contractual or other relations existing between the appellee and the appellant Allen which would preclude the latter from buying the former's land for delinquent taxes,

but, on the contrary, the complaint does show that the claims of the parties have always been openly adverse. Allen went in as a stranger to the appellee's title under a claim which denied its existence. If, therefore, he was precluded, it must be on the ground that it was his duty to the county and territory to pay the taxes, and that he is not to be permitted to build up a title on this neglect of duty. Judge Cooley, in his admirable work on Taxation, discusses this subject in the following manner: ''Whether one should be precluded by the naked fact that he claims title to land, or that he has possession of it, from making a purchase in extinguishment of the right of another, with whom he stands in no contract or fiduciary relations, is a question often touched by the discussions of courts without having as yet been very fully or comprehensively examined. So far as the cases hold that one who ought, as between himself and some third person, to pay the taxes, shall not build up a title on his own default, the principle is clear and well founded in equity. But when one owes no duty to any other in respect to the land, it is not so clear upon what principle of equity or of estoppel such other is to set up, as against him, his neglect to perform in due season his duty to the state. There are some cases in which it has been distinctly held that possession, when the tax was assessed, fixed upon the possessor the duty to pay, and precluded his becoming a purchaser at a sale for the taxes when they became delinquent. In the leading case the occupant had gone into possession under an invalid tax title, and by the decision he was precluded from relying upon a second title which accrued while he was in the occupancy of the land. The subject is dismissed with very brief mention, the court appearing to regard the claim as inequitable and unjust, but for what reason is not very clearly explained. Other cases treat the point as equally plain. But it seems to be very well deserving of more consideration whether, where parties stand to each other in the position of adverse claimants to land, either of them can insist that the other shall discharge for his protection a duty owing to the public. There being nothing in the relation of the parties to each other upon which an estoppel can be raised, it is necessary to look elsewhere for the disqualification insisted upon, and this can only be found in some general rule of public policy. It is certainly an imperative requirement

of public policy that the revenues of the state shall be col-
lected, and that no one shall be allowed to defraud the treas-
ury of his due proportion; but in the case where a tax sale
has been made there is no fraud, and the revenue chargeable
upon the land has been received. No wrong has consequently
been done to the state. There has been delay in payment, but
it is one for which the state makes ample provision, and for
which it charges and collects all costs, as well as a further sum,
under the name of 'interest' or 'penalty,' sufficient fully to
compensate for any public inconvenience. It is not perceived
that the state can then have any complaint to make, as the
duty owing to it, though performed tardily, has been per-
formed at last, and the incidental inconvenience paid for.
The state, then, not being wronged in the purchase, it would
seem that, if any individual objects to it, he ought to be able
to point out how and in what particular it wrongs him. It is
difficult to dispute the truth of what is said by the supreme
court of Pennsylvania, that 'there is nothing in reason or law
to prevent a man who holds a defective title from purchasing
a better at a treasurer's sale for taxes.' As between himself
and any adverse claimant, the state is not concerned to inquire
whether the one or the other was in possession. If the state,
in taxing land, takes any notice of ownership, it is either for
the convenience of the officers in making collections or for
information to parties concerned. The tax is upon every pos-
sible interest in the land, and all parties having interests are
equally under obligation to the state to make payment. The
penalty for failure is a forfeiture or sale which will cut them
all off, and while, without doubt, any one may defeat such a
sale who can give satisfactory reasons for an assertion that it
would be unjust to him for the purchaser to be allowed to rely
upon it, it is not perceived that any other person can, upon
plausible grounds of equity, insist upon the privilege to do
so.'' Cooley on Taxation, 2d ed., p. 506.

But whatever might be held to be the effect of this tax sale
in an action at law, we do not think the appellee's complaint
shows facts sufficient to entitle him to be relieved against it
in this action. It appears from his own pleading that between
himself and the appellant Allen there exists adverse claims of
title, the merits of which are not put in issue, and cannot be
determined in this proceeding. He apprises the court, how-

ever, that he has never been in possession of the disputed premises, but that Allen has been in the continuous occupancy thereof. In this state of his pleading he presents no equitable cause for the interference of the court in his behalf. For a perpetual injunction the plaintiff must show a clear and unexceptionable right. The judgment of the district court is reversed and the cause remanded, with instructions to sustain the demurrer to the complaint.

Doan, J., concurs.

Sloan, J.—I am unable to concur in the opinion of the court in this case.

Street, C. J., having been of counsel, took no part in this decision.